IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRING DIVISION

**ANDREA CAIN**                                                                                              **PLAINTIFF**

v.                               Case No. 6:22-cv-_____

**WELLPATH LLC**                                                                                          **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Andrea Cain, by and through her attorney Chris Burks of WH LAW, for her Original Complaint against Wellpath LLC, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in her termination.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of her race, which is Black, and as a result of her status as a disabled person with a disability that substantially limited a major life activity.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII, ADA, and ACRA, as described, *infra*.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII and ADA.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as Title VII and ADA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to Title VII, ADA, and ACRA violations alleged in this Complaint reside in this District.

## III.  THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Hot Spring County.

12. Plaintiff Andrea Cain was hired by Defendant in 2019.

13. She worked as a Certified Nursing Assistant (CNA) and later as a Licensed Practical Nurse (LPN).

14. Plaintiff was terminated from her employment with Defendant on April 27, 2022.

15. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII, ADA, and ACRA.

16. Defendant Wellpath LLC is a foreign limited liability company headquartered in Tennessee.

17. Defendant Wellpath LLC can be served through its agent for service, Corporate Creations Network Inc., at 609 SW 8th St. #600, Bentonville, AR 72712.

18. Defendant Wellpath LLC is an "employer" within the meanings set forth in Title VII, ADA, and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Certified Nursing Assistant (CNA) and later as a Licensed Practical Nurse (LPN).

21. During her employment, Plaintiff was subject to disparate treatment as the result of her race, which is Black, and as a result of her status as a disabled person. The disparate treatment resulted in adverse employment actions and ultimately her termination on April 27, 2022.

22. During her employment, Plaintiff was employed at Ouachita River Correctional Unit.

23. A main job duty of the Plaintiff was distributing prescribed medication to inmates housed in the unit (colloquially known as "pill call").

24. Employees like Plaintiff were given significant leeway as to when they had to complete their "pill call" duties and were generally allowed to manage their time.

25. When employees were not completing "pill call," it was common practice for employees like Plaintiff to leave the unit during their shift.

26. Plaintiff observed white LPNs leave their assigned units for one, two, three, four, five, and six hours during their shifts.

27. These white LPNs held the same duties and responsibilities as Plaintiff and were similarly situated in all notable respects.

28. The white LPNs were not reported when they left their assigned units for hours during their shifts.

29. The white LPNs were not written up or otherwise disciplined or terminated when they left their assigned units for hours during their shifts.

30. Plaintiff, who is a Black employee, was written up multiple times, and ultimately terminated, when she left the building during her shifts.

31. Plaintiff observed that other white employees did not have these same issues with the Defendant writing them up, disciplining them, and terminating them when they left their assigned units during their shifts.

32. Black employees like Plaintiff were subject to disparate treatment and adverse employment actions when they engaged in the same behavior as white employees did and were disciplined while white employees were not.

33. Additionally, Plaintiff had oral surgery in April 2022 for a mouth condition that prevented her from doing a major life activity.

34. While recovering from her surgery, Plaintiff worked twelve hour shifts for four days straight, in spite of the fact that she was intense pain while recovering from her surgery and had to return to her oral surgeon for additional pain medication.

35. After working four days straight while recovering from surgery and suffering from intense pain, Plaintiff went home on her lunch break and accidentally fell asleep.

36. Plaintiff missed a few hours of work, which was directly as a result of her status as a disabled person at that time because of her oral surgery. She was ultimately terminated as a result.

37. Plaintiff observed non-disabled LPNs leave their assigned units for one, two, three, four, five, and six hours during their shifts.

38. These non-disabled LPNs held the same duties and responsibilities as Plaintiff and were similarly situated in all notable respects.

39. The non-disabled LPNs were not reported when they left their assigned units for hours during their shifts.

40. The non-disabled LPNs were not written up or otherwise disciplined or terminated when they left their assigned units for hours during their shifts.

41. Plaintiff, who is a disabled employee, was written up multiple times, and ultimately terminated, when she left the building during her shifts.

42. As a result of the ongoing discrimination Plaintiff experienced as a result of her race, which is Black, and her status as a disabled person, Plaintiff was terminated from her employment on April 27, 2022.

## V.     FIRST CLAIM FOR RELIEF – Title VII Claims

43.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44.     Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

45.     Defendant engaged in unlawful employment practices at their facility in Malvern, Arkansas, in violation of 42 U.S. Code §2000e-2.

46.     Specifically, and as detailed above, Plaintiff, who is Black, was terminated as a result of ongoing racial discrimination.

47.     Defendant employs white employees who were not subject to the same treatment that Plaintiff experienced during her employment.

48.     As a result, Plaintiff was treated disparately from Defendant's white employees.

49.     At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

50.     However, Plaintiff was terminated from her position within the relevant statutory period.

51.     The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

52.     The unlawful employment practices complained of above were and are intentional.

53.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

54. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

### VI. SECOND CLAIM FOR RELIEF – ADA Claims

55. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

56. Plaintiff filed a timely charge with the EEOC alleging violations of Title I and Title V of the ADA by Defendant.

57. Plaintiff received a right to sue letter, and thus exhausted her administrative remedies.

58. Defendant engaged in unlawful employment practices at their facility in Malvern, Arkansas, in violation of the Americans with Disabilities Act of 1990.

59. Specifically, and as detailed above, Plaintiff, who is disabled, was terminated as a result of disability discrimination.

60. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during her employment.

61. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

62. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

63. However, Plaintiff was terminated from her position within the relevant statutory period.

64. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

65. The unlawful employment practices complained of above were and are intentional.

66. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

67. Pursuant to Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

### VII.   THIRD CLAIM FOR RELIEF – ACRA Claims

68. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted her administrative remedies.

70. Defendant engaged in unlawful employment practices at their facility in Malvern, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

71. Specifically, and as detailed above, Plaintiff, who is Black and disabled, was terminated as a result of ongoing racial and disability discrimination.

72. Defendant employs white employees who were not subject to the same treatment that Plaintiff experienced during her employment.

73. As a result, Plaintiff was treated disparately from Defendant's white employees.

74. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during her employment.

75. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

76. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

77. However, Plaintiff was terminated from her position within the relevant statutory period.

78. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, which is Black, and her disability.

79. The unlawful employment practices complained of above were and are intentional.

80. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

81. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Andrea Cain respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)  A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B)  A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C)  A declaratory judgment that Defendant's practices violate Americans with Disability Act of 1990 and the related regulations;

(D)  Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E)  Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(F)  Judgment for damages pursuant to Americans with Disabilities Act of 1990, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(G) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(H) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ANDREA CAIN, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: Chris Burks (ABN: 2010207)
chris@wh.law